**CITY OF FOREST PARK, Appellee,**

v.

**PELFREY, Appellant.**

[Cite as *Forest Park v. Pelfrey* (1995), 108 Ohio App.3d 1.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–950068 through C–950074.

Decided Dec. 6, 1995.

**2**

*Cash, Cash, Eagen & Kessel, John R. Wykoff* and *Michael M. Neltner,* for appellee.

*Greenwood & Hudson* and *Scott T. Greenwood,* for appellant Ronald Pelfrey.

SUNDERMANN, Judge.

We have *sua sponte* removed this case from the accelerated docket. Appellant was convicted of violating the sign ordinance of Forest Park. His motion to dismiss, alleging that his First Amendment rights were violated, was overruled. The single assignment states that this was error by the trial court. We find this contention to be well taken and reverse the judgments of the trial court.

The facts are undisputed. Appellant, apparently unhappy with the local police, painted "If you want protecion [*sic*] in Forest Park buy a handgun" on the side of his house. Appellant was sent a notice on July 5, 1994, that he was in violation of Forest Park's sign ordinance. Because he did not comply with the notice, he was cited on July 12, 1994. After entering a plea of no contest in the mayor's court, appellant appealed to the Municipal Court of Hamilton County. The municipal court denied appellant's motion to dismiss and found him guilty on seven counts of violating the ordinance. Appellant then brought the present appeals.

Forest Park Ordinance 90.20 and the appendix of the ordinance set out the regulations for types of signs and proper location. For a single-family residence like appellant's, wall signs are not permitted. Appellant does not dispute that his sign was a wall sign. Other types of signs, such as flags, banners, yard signs, and political signs, are permitted. As defined by the ordinance, a "political sign" is one that advertises a political candidate or issue for that year's election. A sign with appellant's message would not be a "political sign" under the ordinance. A yard sign with appellant's message would fall under the definition of "signs, ground" or simply "signs." Forest Park Ordinance 90.04. Under Forest Park

Ordinance 90.16, a permit must be requested for any sign not specifically exempted from needing a permit.

Appellant argues that Forest Park's ordinance is vague, overbroad, and arbitrarily enforced. This argument seems to be mentioned in passing, as there are no facts and little law cited in the record to support the claim. The ordinance is clear in banning all residential wall signs. The ordinance is not "broadly written" so that it "may have such a deterrent effect of free expression." *Members of the City Council of Los Angeles v. Taxpayers for Vincent* (1984), 466 U.S. 789, 798, 104 S.Ct. 2118, 2125, 80 L.Ed.2d 772, 782. Further, nothing in the record indicates that this regulation applies only to appellant and not to all other residents of Forest Park.

Appellant's more serious argument is that the ordinance violates his First Amendment rights in that the ordinance suppresses core political speech. That the message is political speech is undisputed. The question is whether there can be any regulation of political speech and, if so, whether the regulation under this ordinance is reasonable and in conformity with the law.

Appellant contends that the Forest Park ordinance, by banning wall signs from private residences, even when they contain political speech, is unconstitutional. He cites *Ladue v. Gilleo* (1994), 512 U.S. 43, 114 S.Ct. 2038, 129 L.Ed.2d 36. The Supreme Court has always held that freedom of speech is not an absolute right. See *Schenck v. United States* (1919), 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470. State and municipal governments may reasonably regulate activity in this regard. See *Breard v. Alexandria* (1951), 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233. In *Members of the City Council of Los Angeles v. Taxpayers for Vincent*, the court upheld a ban of all signs on public property. The court stated that speech may be restricted "to advance a significant and legitimate state interest." *Taxpayers for Vincent, supra*, 466 U.S. at 804, 104 S.Ct. at 2128, 80 L.Ed.2d at 786–787, citing *Schenck, supra*, at 52, 39 S.Ct. at 249, 63 L.Ed. at 473–474. The regulation must be viewpoint-neutral and be related to a legitimate government purpose. *Taxpayers for Vincent, supra*, at 804–805, 104 S.Ct. at 2128–2129, 80 L.Ed.2d at 786–787. The court went on to say that aesthetic values are a legitimate government purpose. *Id.* at 805, 104 S.Ct. at 2129, 80 L.Ed.2d at 787.

Because the case at bar involves private property, we must turn to the *Ladue* case. The *Ladue* court reviewed the importance of being able to display a message from one's own residence. *Ladue*, 512 U.S. at —— ——, 114 S.Ct. at 2045–2046, 129 L.Ed.2d at 47–48. The city, in *Ladue*, banned all residential signs, except " 'residential identification signs' " and "For Sale" signs. *Id.* at ——, 114 S.Ct. at 2041, 129 L.Ed.2d at 42. The court felt strongly that a law

should not foreclose an entire medium of expression without adequate substitutes for this medium of speech. *Id.* at ——–——, 114 S.Ct. at 2045–2046, 129 L.Ed.2d at 47–48. The court did acknowledge that the government can regulate the physical characteristics of signs. *Id.* at ——, 114 S.Ct. at 2047, 129 L.Ed.2d at 49. The court also saw some content regulation in Ladue's ordinance, as the city allowed commercial signs, such as "For Sale" signs, but banned private expression. *Id.* at ——, 114 S.Ct. at 2044, 129 L.Ed.2d at 46.

Turning to the case at bar, Forest Park could ban wall signs if the ordinance left open an adequate substitute for expression of the message. The question, then, is whether appellant had an adequate substitute for expressing his message. According to the ordinance, appellant's message could not be displayed on a "political sign" because it does not deal with a candidate or an issue that is the subject of an election. Forest Park Ordinance 90.04. Therefore, this section of the ordinance does not provide an adequate substitute. The ordinance does allow for yard signs, banners, and flags. *Id.* Under the reasoning of *Ladue,* yard signs, banners, and flags would provide adequate substitutes for the wall sign that appellant used. However, the ordinance places restrictions on these signs and consequently makes the substitutes too burdensome for appellant. In order to display such a sign, appellant would have to obtain a permit first. Forest Park Ordinance 90.16. To obtain a permit, appellant must pay a $10 fee. Forest Park Ordinance 156.04. Also, the display of the sign is limited to a thirty-day period with the possibility of renewal after a subsequent ninety-day period. Forest Park Ordinance 90.16(D). Although signs such as yard signs and banners would ordinarily be adequate substitutes for wall signs, we hold that in this case the Forest Park permit restrictions are too burdensome on appellant. Therefore, we find his assignment of error to be well taken. The judgments of the trial court are reversed, and this cause is remanded so that the charges against appellant may be dismissed in accordance with the terms of this opinion.

*Judgments reversed*
*and cause remanded.*

HILDEBRANDT, P.J., and PAINTER, J., concur.